# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

---

The Trustees of the Minnesota Ceramic Tile and Allied Trades Fringe Benefit Funds,

Plaintiffs,

vs.

Tovey Tile Company, a Minnesota corporation, d/b/a, Tovey Tile Installations Company; and Scott M. Tovey,

Defendants.

Civil File No. 00-1975 DSD/SRN

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**

---

Rosene, Haugrud & Staab, Chartered, by Thomas A. Wedes, Esq., of St. Paul, Minnesota, appeared for Plaintiffs.

No one, appeared for Defendants.

---

This matter came on for hearing before the Court on December 8, 2000, on Plaintiffs' motion for entry of Defendant's default, for default judgment.

Upon all files, records and proceedings herein, the Court makes the following:

## FINDINGS OF FACT

1. The Defendant, Tovey Tile Company was served with the Summons and Complaint in the present action on September 13, 2000. Defendant, Scott M. Tovey, was served with the Summons and Complaint in the present action September 18, 2000.

2. That Defendants are neither infants nor incompetent persons.

3. That Defendants have failed to answer, or otherwise defend, and they are in default.

4. Defendants are signatory to an Independent Agreement with the Bricklayers and Allied Craftworkers Union Local No. 1 of Minnesota (Tile Layers and Finishers, Chapter 18).

12-8-00

12-8-00

5. Pursuant to the above-referenced Independent Agreement, Defendants are obligated to submit to Plaintiffs' Third-Party Administrator ("TPA") monthly fringe benefit contribution Report Forms indicating the fringe benefit contribution payment amounts due for the prior month.

6. Plaintiffs' conducts periodic fringe benefit compliance audits to determine the veracity of employer monthly reporting of fringe benefit contribution payments.

7. Plaintiffs' designated agent conducted a fringe benefit compliance audit of Defendant Tovey Tile Company's books and records for the time period between January 1, 1997 and December 31,1999.

8. The fringe benefit compliance audit summary shows under-reported and unpaid fringe benefit contributions to Plaintiffs through December 31, 1999, in the amount of $6,021.51, plus liquidated damages in the amount of $602.15, for a subtotal of $6,623.66.

9. That Plaintiffs' costs are as follows: $800.00 in attorney fees, $930.00 in audit fees, $150.00 in Court filing fees, and $149.00 in service of process fees, for a subtotal of $2,029.00.

Based on its review, the Court reaches the following:

**CONCLUSIONS OF LAW**

1. That Plaintiffs' motion for entry of Defendants' default and for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure is granted.

Based on the foregoing, IT IS HEREBY ORDERED:

**ORDER**

1. That Defendants are in default, and Plaintiffs are entitled to judgment against Defendants, jointly and severally, for delinquent fringe benefit contribution payments in the amount of $6,021.51, liquidated damages in the amount of $602.15, audit fees in the amount of $930.00, attorney fees in the amount of $800.00, and costs in the amount of $299.00 for a total of $8,652.66.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 8, 2000

David S. Doty
United States District Judge

H:\Labor\6200_6240 Ceramic Tile\6240.22 Tovey Tile\Find & Order.doc
paw

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd